IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

Case No. 19-10114-EFM

JEREMY VOS,

    *Defendant.*

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Jeremy Vos's Sealed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 38). He seeks early release from prison due to the COVID-19 pandemic and underlying health conditions increasing his risk of serious illness. The government opposes Defendant's motion. For the reasons stated in more detail below, the Court denies Defendant's motion.

**I.    Factual and Procedural Background**

On December 19, 2019, Defendant pleaded guilty to bank robbery, in violation of 18 U.S.C. § 2113(a). On March 6, 2020, Defendant was sentenced to 30 months' imprisonment.

Case 6:19-cr-10114-EFM   Document 42   Filed 12/16/20   Page 2 of 6

-2-

Defendant is 22 years old, and he is currently incarcerated at Yazoo City USP. There have been 131 positive cases in the facility in which Defendant is housed, and one inmate has died.[1] Currently, there are 25 active inmate cases, seven active staff cases, and 48 pending inmate tests.[2] Defendant's projected release date is September 8, 2021.

On October 23, 2020, Defendant filed a sealed motion seeking early release from prison due to underlying health conditions that raise the risk of severe illness should he contract COVID-19. Defendant is represented by counsel,[3] and he proposes release with a period of home confinement while living at his parents' house. He also proposes a re-entry program that can help with substance abuse.

## II.    Legal Standard

The First Step Act amended the compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), to allow a defendant to file his own motion for release.[4] It allows defendants to seek early release from prison provided certain conditions are met. First, "a criminal defendant may file a motion for compassionate release only if: '(1) he has exhausted all administrative rights to appeal the [Bureau of Prisons' ("BOP")] failure to bring a motion on his behalf, or (2) 30 days have passed

---

[1] Federal Bureau of Prisons, *COVID-19 Coronavirus: COVID-19 Cases*, https://www.bop.gov/coronavirus/ (last visited December 15, 2020).

[2] *Id.*

[3] The Federal Public Defender ("FPD") undertook the representation of Defendant.

[4] *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (2018).

since the warden of his facility received his request for the BOP to file a motion on his behalf.' "[5] The administrative exhaustion requirement is jurisdictional and cannot be waived.[6]

Next, if a defendant satisfies the exhaustion requirement, the Court may reduce the defendant's sentence, after considering the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable, if the Court determines: (1) "extraordinary and compelling reasons warrant such a reduction;" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c) . . . and a determination has been made by the Director of the [BOP] that the defendant is not a danger to the safety of any other person or the community."[7] Finally, the Court must ensure that any reduction in the defendant's sentence under this statute is "consistent with applicable policy statements issued by the Sentencing Commission."[8]

### III.   Analysis

Defendant seeks early release based on his underlying medical conditions of asthma, diabetes, depression, and anxiety, coupled with the spread of COVID-19 in prison, and his risk of

---

[5] *United States v. Boyles*, 2020 WL 1819887, at *2 (D. Kan. 2020) (citing *United States v. Alam*, 2020 WL 1703881, at *2 (E.D. Mich. 2020)); *see also* 18 U.S.C. § 3582(c)(1)(A).

[6] *See United States v. Johnson*, 766 F. App'x 648, 650 (10th Cir. 2019) (holding that without an express statutory authorization, a court lacks jurisdiction to modify a sentence); *United States v. Read-Forbes*, 454 F. Supp. 3d 1113, 1116-17 (D. Kan. 2020) (examining the text, context, and historical treatment of § 3582(c)'s subsections to determine that the exhaustion requirement is jurisdictional); *Boyles*, 2020 WL 1819887, at *2 (determining that exhaustion of administrative remedies is a prerequisite for the court's jurisdiction); *cf. United States v. Younger*, 2020 WL 3429490, at *3 (D. Kan. 2020) (reasoning that the Sixth Circuit's approach articulated in *United States v. Alam*, 960 F.3d 831 (6th Cir. 2020), is "highly persuasive," and concluding that § 3582(c)(1)(A)'s exhaustion requirement is a claims-processing rule).

[7] 18 U.S.C. § 3582(c)(1)(A)(i)-(ii).

[8] *Id.*; *see also Dillon v. United States*, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission's policy statement regarding 18 U.S.C. § 3582(c)(2) remains mandatory in the wake of *United States v. Booker*, 543 U.S. 220 (2005)).

severe complications should he contract the virus. The government asserts that Defendant is not an appropriate candidate for early release.

## A. Exhaustion

Defendant has satisfied the exhaustion requirement described in § 3582(c). He requested compassionate release from the Warden on September 14, 2020. As of the date this motion was filed, October 23, 2020, Defendant had not heard back from the Warden. The government also admits that Defendant meets the exhaustion requirement. Thus, because more than 30 days have passed since Defendant's request, the Court will proceed and determine the merits of Defendant's motion.

## B. Extraordinary and Compelling Reasons

Defendant next asserts that his underlying health conditions of asthma, Type I diabetes, depression, and anxiety, coupled with the outbreak of COVID-19, constitute an extraordinary and compelling reason warranting a sentence reduction under § 3582(c)(1)(A). The Court is sympathetic to Defendant's concerns and recognizes that Defendant's risk of contracting COVID-19 may be higher due to his underlying health conditions, but he does not show a high risk. He does not have a condition listed by the Centers for Disease Control and Prevention ("CDC") as one that is at increased risk for severe illness from COVID-19. He does, however, have two conditions, asthma and diabetes, listed by the CDC as ones that *may* increase risk for severe illness from COVID-19.[9] His other conditions of anxiety and depression are not listed as ones at increased risk for severe illness. The mere possibility that he may contract COVID-19 and then

---

[9] CDC, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited December 15, 2020).

-4-

have severe complications is not an extraordinary and compelling reason.[10] Thus, the Court finds that Defendant does not meet his burden.

C.     **Section 3553(a) Factors**

Even if Defendant could show that his medical conditions constitute an extraordinary and compelling reason, the sentencing factors enumerated in 18 U.S.C. § 3553(a) "to the extent that they are applicable" do not support release.[11]  Some of these factors include the nature and circumstances of the offense; the need for the sentence imposed to reflect the seriousness of the offense, afford adequate deterrence, and protect the public from future crimes by the defendant; and the need to avoid unwarranted sentence disparities.[12]

Defendant pleaded guilty to the offense of bank robbery.  The sentencing guideline range was 37 to 46 months based on Defendant's total offense level and criminal history category.  The Court, finding that a downward departure was appropriate because Defendant's criminal history score overstated the nature of Defendant's criminal background, sentenced Defendant to 30 months' imprisonment.

At this point, Defendant has served approximately 65 percent of this sentence and has nine months remaining on his sentence.  The Court remains convinced that 30 months is the appropriate sentence.  Reducing Defendant's sentence to time served would not reflect the seriousness of Defendant's criminal conduct, *i.e.*, robbery of a bank with a threat of violence. Nor would reducing

---

[10] In his motion under seal, Defendant also raised another concern, separate from COVID-complications relating to his imprisonment.  Although the Court does not diminish this issue in any way and finds the issue very troubling, Defendant does not demonstrate that those facts set forth a legally cognizable reason for a motion to reduce sentence under § 3582.  Thus, the Court will not discuss this issue further in this Order.

[11] 18 U.S.C. § 3582(c)(1).

[12] 18 U.S.C. § 3553(a).

the sentence provide adequate deterrence or appropriate punishment.  The Court finds that the 30-month sentence originally imposed remains sufficient, but not greater than necessary, to meet the sentencing factors in § 3553(a) and punish the offense involved.  Accordingly, the Court finds that Defendant does not demonstrate extraordinary and compelling reasons to warrant his early release from prison.

**IT IS THEREFORE ORDERED** that Defendant's Sealed Motion to Reduce Sentence under 18 U.S.C. § 3582(c)(1)(A) (Doc. 38) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 16th day of December, 2020.

*Eric F. Melgren*

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE